# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MIA D. APPLUEWHITE,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:22-cv-01325-RDP |
| **KEMPER INSURANCE, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This matter is before the court on: (1) the Motion to Dismiss for Administrative Exhaustion Failures filed by Merastar Insurance Company ("Merastar") (Doc. # 7); (2) the April 10, 2023 Show Cause Order (Doc. # 9); and (3) Plaintiff's response to the Show Cause Order and opposition to the Motion to Dismiss. (Doc. # 14). For the reasons discussed below, Merastar's Motion to Dismiss (Doc. # 7) is due to be granted, and this action is due to be dismissed with prejudice.

**I.     Background**

On October 14, 2022, Plaintiff Mia D. Appluewhite filed a Complaint for Employment Discrimination under the Americans with Disabilities Act of 1990 ("ADA") against Defendants Kemper Insurance; Joseph P. Latcher, Jr.; John Graziano; Tina Hill; and Kathryn Peters. (Doc. # 1).

Plaintiff's claims arise out of her former employment with "Kemper Insurance." (*Id.*). The other named Defendants are purportedly "Kemper Insurance" executives or employees. (*Id.* at 2). Plaintiff alleges that Joseph P. Latcher, Jr. is "CEO," John Graziano is "Head of Claims

Operations," Tina Hill is "HR Field Manager 4," and Kathryn Peters is "Employee Relations Manager." (*Id.*).

However, according to Merastar, the entity "Kemper Insurance" does not exist. (Doc. # 7 at 1 n.1). Rather, Merastar claims that Plaintiff was employed by Merastar, which is a subsidiary of Kemper Corporation. (*Id.*). The Motion to Dismiss names Merastar as the moving party, but Merastar claims that its arguments apply equally to Kemper Corporation, to the extent Plaintiff intended to name Kemper Corporation as a defendant. (*Id.*).

Plaintiff alleges that she is physically impaired because of complications with both of her knees and that she is mentally impaired because she suffers from PTSD, anxiety, depression, and OCD. (Doc. # 1 at 4-5). She claims that her mental impairments negatively affected her learning abilities, and that she was sometimes late to work because of medical appointments related to her knee problems. (*Id.*).

Plaintiff was terminated from her employment on April 14, 2022 "for being late." (*Id.* at 4-5). Plaintiff argues that Defendants violated the ADA because they knew about her disabilities and resulting medical appointments but nonetheless terminated her employment. (*Id.*).

On April 3, 2023, Merastar filed its Motion to Dismiss claiming that Plaintiff failed to exhaust her administrative remedies because she (1) never filed a charge of discrimination with the EEOC before initiating this action, and (2) has not received notice of right to sue. (Doc. # 7 at 3). In support of this allegation, Defendant offers correspondence from the EEOC stating that it never received a discrimination charge from Plaintiff against any Defendants in this action. (Doc. # 7-1).

In Plaintiff's Complaint, it appears she claims she made an inquiry with the EEOC on April 28, 2022, but she acknowledges that she has not received a notice of right to sue letter. (*Id.* at 5).

On April 10, 2023, the court ordered Plaintiff to show cause why her claims should not be dismissed for failure to exhaust. (Doc. # 9).

Plaintiff filed a response to the Show Cause Order and Motion to Dismiss on April 12, 2023. (Doc. # 14). In her response, she states, "I did not say I filed an EEOC complaint against the defendants." (*Id.* at 1). She also contends that she is "not required to file a claim with the EEOC," and that she does "not need a notice[] [f]rom the EEOC." (*Id.* at 2).

**II.     Legal Standard**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for

relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

The court recognizes that Plaintiff is appearing *pro se* and is mindful that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

**III.    Discussion**

This action is due to be dismissed for Plaintiff's failure to exhaust administrative remedies because, as she admits, Plaintiff has not filed an EEOC charge, nor has she received notice of right to sue from the EEOC.

In order to bring a claim for discrimination under the ADA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC and receiving statutory notice from the EEOC of the right to sue. *See Forehand v. Fla. St. Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."); *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 874 (11th Cir. 2016) ("Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, and this includes the duty to exhaust administrative remedies."). In Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination. *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 836 (11th Cir. 2007).

"An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC." *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). "Generally, the plaintiff must allege in the complaint filed in his lawsuit that he has met the prerequisites [of] a valid and timely-filed EEOC charge." *Rizo*, 228 F. App'x at 836. "If the defendant denies that the plaintiff [has] met those requirements, the burden of proof is on the plaintiff to prove that he has." *Id.*

Here, Plaintiff admits that, at the time she filed this action, she had not filed an EEOC charge, nor had she received a notice of right to sue letter from the EEOC. (Doc. # 1 at 5); (Doc. # 14 at 1-2). In her response, Plaintiff notes that, "while filing a charge with the EEOC is required[,] it is not 'jurisdictional' and therefore can be waived." (Doc. # 14 at 2). But, Plaintiff does not explain how or why the requirement was waived in this case. (*Id.*). Indeed, the requirement was not waived, as Merastar has noted that Plaintiff never filed a charge and has moved to dismiss this action on that basis. (Doc. # 7). Further, Plaintiff has not provided any justification for failing to file a charge with the EEOC, and other than her conclusory allegation that the filing requirement was somehow waived, she does not explain why her failure to exhaust administrative remedies should be excused. (Doc. # 14 at 2).

Moreover, Plaintiff's claims are now barred because the 180-day period within which she could have filed an EEOC charge has expired. The alleged discrimination occurred on April 14, 2022. (Doc. # 1). Therefore, Plaintiff was required to file a charge of discrimination with the EEOC within 180 days of that date. *See Rizo*, 228 F. App'x at 836. Because more than 180 days have passed since the alleged discrimination, and Plaintiff has not filed an EEOC charge, her employment discrimination claims are time-barred. *See id.*

Therefore, Plaintiff's claims against all Defendants are due to be dismissed with prejudice for failure to exhaust administrative remedies.[1]

---

[1] On April 17, 2023, Defendants Graziano, Hill, and Peters filed a Motion to Dismiss. (Doc. # 15). Because this action is due to be dismissed in its entirety for Plaintiff's failure to exhaust administrative remedies, this motion is moot, and it is therefore unnecessary for the court to receive briefing on it. However, to be clear, even if Plaintiff had successfully exhausted her administrative remedies, or somehow could cure those deficiencies, her claims against Defendants Graziano, Hill, and Peters, as well as Defendant Latcher, would still be subject to dismissal because the ADA does not permit individual liability claims against persons. *See Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) ("[B]oth Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities."); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("[I]ndividual liability is precluded for violations of the ADA's employment discrimination provision").

## IV.     Conclusion

For the reasons explained above, Defendant Merastar's Motion to Dismiss (Doc. # 7) is due to be granted, and this action is due to be dismissed with prejudice.

**DONE** and **ORDERED** this April 18, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE